[Cite as *Stoller v. Ohio Dept. of Transp.*, 2010-Ohio-4960.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEFFERY B. STOLLER, et al.

 Plaintiffs

 v.

OHIO DEPARTMENT OF TRANSPORTATION

 Defendant

 Case No. 2010-03177-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On February 14, 2010, at approximately 3:30 p.m., plaintiff, Teresa E. Stoller, was traveling south on US Route 23 in Franklin County, when her 2003 Mercedes Benz C320 struck a pothole causing tire and rim damage to the vehicle. Plaintiff specifically located the pothole at "[r]ight before the exit" to Interstate 270 East. Plaintiff asserted the damage to her car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as potholes. Plaintiff filed this complaint seeking to recover $568.77, the total cost of replacement parts she incurred as a result of striking the pothole on US Route 23. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's February 14, 2010 described occurrence. Defendant advised ODOT records show no complaints of a pothole were received at that location on US Route 23 South described by plaintiff (milepost 22.91). Defendant did submit documentation that seven

complaints of potholes on US Route 23 were received prior to plaintiff's incident, but explained "none are in the same location as plaintiff's incident." One pothole complaint received on February 12, 2010 located the defect at "Southbound bridge over Interstate 270 far right lane," which according to ODOT documentation, corresponds to milepost 23.0. From, plaintiff's description defendant located the pothole plaintiff's vehicle struck at milepost 22.91. Defendant related this section of US Route 23 "has an average daily traffic count" of over 70,000 vehicles. Defendant asserted plaintiff did not provide any evidence to "indicate how long the pothole" existed at milepost 22.91 prior to her property damage occurrence. Defendant suggested, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Furthermore, defendant contended plaintiff did not offer any evidence the roadway was negligently maintained. Defendant also contended plaintiff did not provide evidence to prove her damage was caused by any conduct attributable to ODOT. Defendant noted that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no potholes were discovered at milepost 22.91 on US Route 23 the last time that section of roadway was inspected prior to February 14, 2010. No inspection records were provided. Defendant stated US Route 23 "was in good condition at the time and in the general vicinity of the plaintiff's incident." Defendant's records show ODOT personnel patched potholes in the vicinity of plaintiff's incident on January 25, 2010. Records also show a pothole was patched at milepost 23.0 on the same day as plaintiff's damage occurrence, February 14, 2010.

Case No. 2006-03532-AD        - 3 -        MEMORANDUM DECISION

{¶ 4}   Despite filing a response, plaintiff did not submit any evidence to establish the length of time the pothole at milepost 22.91 on US Route 23 existed prior to 3:30 p.m. on February 14, 2010.  It should be noted that evidence in another claim filed in this court, 2010-03118-AD, indicates a pothole was present at milepost 22.91 on US Route 23 before 3:45 p.m. on February 12, 2010.

{¶ 5}   For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6}   Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole on US Route 23 prior to plaintiff's February 14, 2010 incident. However, the evidence presented is insufficient to establish liability on an actual notice basis.

{¶ 8} Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 9} Evidence is available to establish the particular damage-causing pothole at milepost 22.91 was present on the roadway at least forty-seven hours before plaintiff's property damage event. This evidence is sufficient to base a finding of constructive notice. To prove constructive notice, plaintiff must show sufficient time has

elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d at 4, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. Sufficient evidence has proven ODOT had constructive notice of the roadway condition. "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. Constructive notice of roadway potholes has been determined in multiple claims involving less than a twenty-four hour time frame. See *McGuire v. Ohio Department of Transportation* (2002), 2001-08722-AD; *Piscioneri v. Ohio Dept. of Transportation, District 12*; Ct. of Cl. No. 2002-10836-AD, 2003-Ohio-2173, jud; *Kill v.*

*Ohio Department of Transportation*, Ct. of Cl. No. 2003-01512-AD, 2003-Ohio-2620, jud; *Zeigler v. Department of Transportation*, Ct. of Cl. No. 2003-01652-AD, 2003-Ohio-2625; *Sheaks v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-02179-AD, 2003-Ohio-2176, jud.

{¶ 10} However, in the matter of *Pompignano v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02117-AD, jud; 2005-Ohio-3976, in a Motion for Court Review, the court concluded in reversing a determination by the Clerk that thirteen hours constructive notice of a defect is insufficient notice to invoke liability on ODOT. The court, in reversing the finding of constructive notice, quoted and adopted ODOT's argument: "It is inappropriate that ODOT be held negligent for not patrolling every square mile of roadway every twelve hours. Such a ruling is against all case law created outside the limited arena of these administrative decisions." (Defendant's motion for court review, page 7). In its reversal order, the court also recognized a constructive notice standard involving down signage. The court noted in finding, "that evidence of a stop sign being down for less than 24 hours was not enough time to impute constructive notice of its condition to ODOT." See *Cushman v. Ohio Dept. of Transp.* (1995), 91-11591; affirmed (March 14, 1006), Franklin App. No. 95AP107-8844. The court, in the instant claim, determines constructive notice of the pothole was imputed considering the existing evidence establishing the pothole was present on the roadway for more than forty-seven hours before plaintiff's damage occurrence. Furthermore, the fact defendant's personnel were in the immediate proximity of the damage-causing pothole the day of the incident coupled with the evidence the pothole was present on February 12, 2010 is sufficient to invoke liability on the part of ODOT. *Weitzman v. Ohio Dept. of Transp.*, Ct.

Case No. 2006-03532-AD - 7 - MEMORANDUM DECISION

of Cl. No. 2008-07942-AD; affirmed (April 8, 2009), 2008-Ohio-7129. Defendant is consequently liable to plaintiff in the amount of $568.77, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEFFERY B. STOLLER, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

   Case No. 2010-03177-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

Case No. 2006-03532-AD          - 9 -          MEMORANDUM DECISION

of plaintiff in the amount of $593.77, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jeffery B. Stoller                    Jolene M. Molitoris, Director
Teresa E. Stoller                     Department of Transportation
913 Evergreen Circle                  1980 West Broad Street
Willard, Ohio  44890                  Columbus, Ohio  43223

RDK/laa
5/18
Filed 6/11/10
Sent to S.C. reporter 10/11/10