[Cite as *Butler v. Ohio Dept. of Transp.*, 2011-Ohio-2126.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES E. BUTLER, SR.

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION

     Defendant

Case No. 2010-08314-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, James E. Butler, Sr., filed this action against defendant, Department of Transportation (ODOT), contending that his 2008 Kia Sedona was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 70 East in Franklin County. Plaintiff noted the tire and rim on his van were damaged when the vehicle struck a pothole at "approximately 93 ½ mile marker at Wilson Road exit." Plaintiff recalled the damage incident occurred on May 6, 2010 at approximately 11:55 p.m. In his complaint, plaintiff requested damages in the amount of $310.57, his out-of-pocket expense incurred for automotive repair. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's May 6, 2010 described occurrence. Defendant located the particular pothole "between county mileposts 7.5 to 8.0 or state mileposts 93.50 and 94.00 in Franklin County as plaintiff has stated." Defendant explained that ODOT records show no reports of a pothole at the location indicated were recorded prior to plaintiff's damage

event. Defendant related that ODOT received thirteen complaints of potholes on Interstate 70 (during March, April and May) "but none of them were in the same location as plaintiff's." Defendant noted that the particular section of roadway, "has an average daily traffic count between 105,660 and 132,380 vehicles," yet no prior complaints were received regarding a pothole between milepost 93.50 and 94.00 on Interstate 70. Defendant suggested that, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted that plaintiff failed to offer any evidence to prove his property damage was attributable to ODOT personnel. Defendant contended that plaintiff failed to prove his property damage was proximately caused by negligent maintenance on the part of ODOT. Defendant explained that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no potholes were discovered between mileposts 93.50 and 94.00 on Interstate 70 the last time that section of roadway was inspected before May 6, 2010. The claim file is devoid of any inspection record.

**{¶ 3}** Defendant argued that plaintiff failed to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that six (6) pothole patching operations were conducted in the general vicinity of plaintiff's incident (on eastbound I-70)." The last time pothole patching operations were conducted on the eastbound lanes of Interstate 70 in the vicinity of plaintiff's May 6, 2010 incident was on March 29, 2010. Defendant's evidence shows ODOT personnel patched potholes in the westbound lanes of Interstate 70 between milepost 99.00 and 92.00 on May 6, 2010, the day of plaintiff's incident. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

**{¶ 4}** For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which

furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

**{¶ 5}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole.

**{¶ 7}** Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

**{¶ 8}** Evidence is available to establish the particular damage-causing pothole was present on the roadway prior to 1:00 p.m. on May 2, 2010 (See 2010-07938-AD). This evidence is sufficient to base a finding of constructive notice. To prove constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of

constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d at 4, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. Constructive notice of roadway potholes has been determined in multiple claims involving less than a twenty-four hour time frame. See *McGuire v. Ohio Department of Transportation* (2002), 2001-08722-AD *v. Ohio Department of Transportation* (2002), 2001-08722-AD; *Piscioneri v. Ohio Dept. of Transportation, District 12*; Ct. of Cl. No. 2002-10836-AD, 2003-Ohio-2173, jud*; Kill v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01512-AD, 2003-Ohio-2620, jud; *Zeigler v. Department of Transportation*, Ct. of Cl. No. 2003-01652-AD, 2003-Ohio-2625; *Sheaks v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-02179-AD, 2003-Ohio-2176, jud.

{¶ 9} However, in the matter of *Pompignano v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02117-AD, jud; 2005-Ohio-3976, in a Motion for Court Review, the court concluded in reversing a determination by the Clerk that thirteen hours constructive notice of a defect is insufficient notice to invoke liability on ODOT. The court, in reversing the finding of constructive notice, quoted and adopted ODOT's argument: "It is inappropriate that ODOT be held negligent for not patrolling every square mile of roadway every twelve hours. Such a ruling is against all case law created outside the limited arena of these administrative decisions." (Defendant's motion for court review, page 7.) In its reversal order, the court also recognized a constructive notice standard involving down signage. The court noted in finding, "that evidence of a stop sign being down for less than 24 hours was not enough time to impute constructive notice of its condition to ODOT." See *Cushman v. Ohio Dept. of Transp.* (1995), 91-11591; affirmed (March 14, 1996), Franklin App. No. 95AP107-8844. The court, in the instant claim, determines constructive notice of the pothole was imputed considering the existing evidence establishing the pothole was present on the roadway for more than one hundred seven hours (four working days) before plaintiff's damage occurrence.

Furthermore, the fact defendant's personnel were in the immediate proximity of the damage-causing pothole the day of the incident coupled with the evidence the pothole was present on May 2, 2010 is sufficient to invoke liability on the part of ODOT. *Weitzman v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-07942-AD: affirmed (April 8, 2009), 2008-Ohio-7129; *Stoller v. Ohio Dept of Transp.*, Ct. of Cl. No. 2010-03177-AD, 2010-Ohio-4960. Defendant is liable to plaintiff in the amount claimed, $310.57, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES E. BUTLER, SR.

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

Case No. 2010-08314-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $335.57, which includes the filing fee. Court costs are

assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

James E. Butler, Sr.                    Jerry Wray, Director
P.O. Box 82                             Department of Transportation
West Jefferson, Ohio  43162             1980 West Broad Street
                                        Columbus, Ohio  43223

RDK/laa
1/26
Filed 2/16/11
Sent to S.C. reporter 4/29/11