[Cite as *McCoy v. Ohio Dept. of Transp., Dist. 8*, 2011-Ohio-2496.]

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHANNON V. MCCOY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

    Defendant

Case No. 2010-11668-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Shannon V. McCoy, filed this action against defendant, Department of Transportation (ODOT), contending that the tire and rim on her 2009 Volkswagen Jetta were damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 75 North in Hamilton County. Specifically, plaintiff related that her car was damaged when the vehicle struck "a big patch of potholes" on the roadway "right under the bridge in front of the GE Plant." Plaintiff submitted photographs depicting the damage-causing potholes on Interstate 75 North. The potholes shown are numerous, substantial in size, and cover the whole area under the bridge shown spanning Interstate 75. Many of the depicted defects display patching material deterioration from previous repair attempts. Plaintiff recalled that her damage incident occurred on October 28, 2010 at approximately 7:00 a.m. In her complaint, plaintiff requested damages in the amount of $383.40, the total cost of replacement parts. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular damage-causing potholes prior to

plaintiff's October 28, 2010 described occurrence. Defendant located the particular potholes at milepost 13.90 on I-75 in Hamilton County and advised that "ODOT did not receive any reports of the pothole or have knowledge of the pothole prior to the (October 28, 2010) incident." Defendant submitted a copy of "Maintenance Records" recording ODOT maintenance activity on Interstate 75 from April 28, 2010 to October 28, 2010. The submitted documents show ODOT personnel did not perform any pothole patching operations in the vicinity of milepost 13.90 on Interstate 75 North during the six-month period preceding October 28, 2010.

{¶ 3} Defendant denied that ODOT negligently maintained Interstate 75 in Hamilton County. Defendant noted that the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered at milepost 13.90 on Interstate 75 North the last time that section of roadway was inspected prior to October 28, 2010. The claim file is devoid of any copy of ODOT Hamilton County inspection records. Defendant asserted that the particular location of Interstate 75 is a well patrolled location and suggested that the pothole that plaintiff's vehicle struck "existed for only a short time before the incident."

{¶ 4} Plaintiff filed a response stating that "[i]t is hard to believe that the DOT had no idea of the deep and dangerous potholes that have existed for many months." Plaintiff submitted signed statements from Terry D. Sielken and Jamie Perdue, who both frequently travel Interstate 75 North in the vicinity of milepost 13.90. Sielken noted, "[t]he road (Interstate 75 North) has went from bad to worse condition over the last year." Perdue recalled, "[a]pproximately one week before that (plaintiff's October 28, 2010 incident) I hit the same pothole." Furthermore, Perdue observed, "I know this area of road is in bad shape, it has been that way for several months before I ran over it." Plaintiff submitted additional photographs (taken on or about February 4, 2011) depicting roadway defects on Interstate 75 North in the vicinity of milepost 13.90. The photographs show a large portion of roadway in disrepair with multiple potholes.

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff

has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the potholes. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*.

{¶ 9} Generally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio

Misc. 2d 262, 577 N.E. 2d 458. To find constructive notice of a defect, evidence must establish that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Ordinarily size of a defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. Plaintiff submitted statements from fellow motorists who noted that the roadway at milepost 13.90 was in a deteriorated state at least one week prior to the incident forming the basis of the instant claim. The individuals offering statements suggest that the roadway was in a deteriorated state for a much longer period than one week prior to October 28, 2010. Evidence establishes that sufficient time elapsed from when the damage-causing roadway defects first appeared at milepost 13.90 on Interstate 75 North to invoke liability on a constructive notice rationale. See *Fite v. Dept. of Transp.*, Ct. of Cl. No. 2009-05757-AD, jud. aff. (12-18-09), 2009-Ohio-7124; also *Stoller v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2010-03177-AD, 2010-Ohio-4960. Plaintiff has suffered damages in the amount of $383.40. The $25.00 filing fee may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHANNON V. MCCOY

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

Defendant

Case No. 2010-11668-AD

Clerk Miles C. Durfey

<u>ENTRY OF ADMINISTRATIVE</u>
<u>DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $408.40, which includes the filing fee. Court costs are assessed against defendant.

MILES C. DURFEY
Clerk

Entry cc:

Shannon V. McCoy                  Jerry Wray, Director
17 Daisy Lane                     Department of Transportation
Ft. Thomas, Kentucky  41075       1980 West Broad Street
                                  Columbus, Ohio  43223

RDK/laa
2/10
Filed 3/4/11
Sent to S.C. reporter 5/16/11